**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Maureen Henry, | No. CV-20-00320-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is a Report and Recommendation (R&R) issued by United States Magistrate Judge D. Thomas Ferraro. (Doc. 35.) Judge Ferraro recommends affirming the Social Security Commissioner's final decision denying Plaintiff benefits. Plaintiff filed an Objection, and the Commissioner filed a response. (Docs. 36, 37.)

After an independent review of parties' briefing and the administrative record, the Court will sustain Plaintiff's Objection in part, adopt Judge Ferraro's recommendation in part, reverse the Commissioner's final decision, and remand for further proceedings consistent with this Order.

## STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United*

*States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the report and recommendation, and the Court's decision to consider newly-raised arguments is discretionary. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000).

## BACKGROUND

The parties do not object to the Magistrate Judge's summary of the factual and procedural background. (Doc. 35 at 1-35.) Therefore, the Court does not restate the facts here and instead includes the relevant facts in its discussion of the issues presented.

## DISCUSSION

Plaintiff asserts the two arguments she raised before the Magistrate Judge. The Court will address the arguments in turn.[1]

**I.    ALJ's Rejection of Opinions of Plaintiff's Treating Physician**

Plaintiff asserts that the ALJ committed materially harmful error by rejecting Plaintiff's treating physician's opinions without providing specific and legitimate reasons based on substantial evidence in the record as a whole, because the vocational expert testified without contestation that the limitations the physician assessed would make it impossible to perform any sustained work. (Doc. 36 at 2.)

The Magistrate Judge concluded, as did the ALJ, that two opinions of Plaintiff's treating physician, Dr. Cubillo, were too conclusory and brief to be accepted.[2] (Doc. 35 at

---

[1] The Court acknowledges the appropriate standard of review of the Commissioner's final decision is that set forth in the R&R. (Doc. 35 at 7-8.)

[2] The ALJ rejected these opinions on the additional grounds that Dr. Cubillo did not include an assessment of the onset date for when the claimant would have first had the indicated limitations, or any specific 12-month period to satisfy the durational requirement of the Act. (Doc. 35 at 10.) Magistrate Judge Ferraro found the ALJ erred in rejecting Dr. Cubillo's opinions on these grounds. (Doc. 35 at 12.) No party has objected to this conclusion and, therefore, the Court will not conduct further review of it. *See Thomas,* 474 U.S. at 149 (noting district court not required to conduct any review of an issue not subject to an objection).

- 2 -

11; Doc. 22-3 at 22-23.) Dr. Cubillo's assessment of the effects that pain would have on Plaintiff's ability to function in the workplace was provided in the form of a check-off box questionnaire. (Doc. 22-12 at 152.) One question asked, "How often is your patient's experience of pain sufficiently severe to interfere with attention and concentration?" (*Id*.) Plaintiff's physician checked the box, "Often." (*Id*.) Another question asked, "To what degree does your patient experience deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner (in work settings or elsewhere)?" (*Id*.) Plaintiff's physician checked the box, "Often." (*Id*.) The Magistrate Judge concluded that the ALJ properly rejected these opinions. (Doc. 35 at 10-11.)[3]

The Court finds no error in the rejection of these opinions. As thoroughly explained by the Magistrate Judge, the opinions were conclusory, brief, and unsupported by objective medical findings. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) ("[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings.") The ALJ cited the applicable law, stating that check-box opinions may be rendered not persuasive if they are not supported by "objective evidence." (Doc. 22-3 at 22-23.) After review of the record, the ALJ properly concluded, as the Magistrate Judge found, that the "record includes such an unsupported fill-in form." (Doc. 22-3 at 23.)

Plaintiff argues that the R&R rationale is error because the *degree* of a claimant's limitations need not be supported by the claimant's medical records. (Doc. 36 at 3.) According to Plaintiff:

> [T]he primary purpose of medical records is not to document disability, and a physician, unlike an ALJ, is not required to provide specific citation for each opinion, particularly those supported by the record as a whole." *Sahlberg v. Comm'r. of Soc. Sec.*, No. CV-15-01815-PHX-JJT, 2017 WL 1130365, at *3 (D. Ariz. Mar. 27, 2017) (citing *Orn v. Astrue*, 495 F.3d 625,

---

[3] The Magistrate Judge concluded that the first four opinions offered by Dr. Cubillo were supported by the record and that the ALJ erred in rejecting these opinions. (Doc. 35 at 10-11; Doc. 22-12 at 152.) The Court will adopt Magistrate Judge's determination as no objection has been made to this conclusion. *See Thomas,* 474 U.S. at 149 (noting district court not required to conduct any review of an issue not subject to an objection). On remand, the ALJ must accept these four opinions.

634 (9th Cir. 2007)). *Cf. Trevizo v. Berryhill*, 871 F.3d 664, 682 n.10 (9th Cir. 2017) (holding "the absence of medical records regarding alleged symptoms is not itself enough to discredit a claimant's testimony. *See Robbins*, 466 F.3d at 883.").

(*Id.* at 4.)  Plaintiff contends the ALJ already recognized, "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms." (*Id.*) And, after finding the ALJ properly rejected Dr. Cubillo's assessment because "the medical records do not indicate the *level* to which the pain would interfere with Henry's attention and concentration," the R&R acknowledges, "treatment records are not there to provide evidence for disability," ''time-limited examinations do not correlate with functioning in a work environment," and "even that the ALJ misrepresented the record because the record does not show that Henry['s] [examinations were] 'grossly within normal limits" as the ALJ asserts." (*Id.* at 4-5; citing R&R, Doc. 35 at 11.)

The Court agrees with Plaintiff that "the primary purpose of medical records is to promote communication and recordkeeping." *Orn*, 495 F.3d at 634.  However, a treating physician's conclusory opinions must be supported "by the record" or "objective medical findings." *Batson*, 359 F.3d at 1195; *see also Orn*, 495 F.3d at 634 (noting that a condition does not need to be "mentioned in every report" but a "physician's opinions [must be] supported by the record"). Here, as stated above, the ALJ found that Dr. Cubillo's opinions regarding the degree of Plaintiff's symptoms were not supported by objective medical findings.  Plaintiff fails to point to any objective medical findings that support Dr. Cubillo's check-box opinions. (Doc. 35 at 10.)

**II.   ALJ's Rejection of Plaintiff's Testimony**

Plaintiff argues that the ALJ committed materially harmful error by rejecting Plaintiff's testimony in the absence of specific, clear, and convincing reasons supported by substantial evidence in the record as a whole, because the limitations in Plaintiff's symptom testimony would make it impossible to perform any sustained work. (Doc 36 at 2.)

The Magistrate Judge agreed that the ALJ erred in rejecting Plaintiff's testimony on the grounds that it was not "entirely consistent with the medical evidence," and because

- 4 -

of Plaintiff's improvement in her condition and her daily activities. (Doc. 35 at 15-18.)[4] The Magistrate Judge concluded, however, that the errors were harmless, because the ALJ "properly relied on inconsistencies within [Plaintiff's] statements for her adverse credibility finding, such that the ultimate determination is supported by substantial evidence." (Doc. 35 at 18.)

The Court agrees with the Magistrate Judge that the ALJ erred in discounting Plaintiff's testimony as not "entirely consistent with the medical evidence." A claimant is not required to produce "objective medical evidence of [their symptoms], or the severity thereof." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). Nor is an ALJ allowed to discredit testimony "as not supported by medical evidence in the record." *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009). By requiring Plaintiff's testimony to be "entirely consistent" with the medical evidence and other evidence, and rejecting it as unsupported by the record, the ALJ erred by holding Plaintiff to a much higher standard than what is required by the foregoing principles. *See Lacy v. Comm'r of Soc. Sec. Admin.*, 2020 WL 1285948, *1-2 (D. Ariz. Mar. 18, 2020) ("Plaintiff's medical records did not need to *fully* support the severity of her reported symptoms." (emphasis in original)).

The Court, however, does not find support for the Magistrate Judge's conclusion that the ALJ also discounted Plaintiff's testimony on the basis of Plaintiff's own inconsistent statements. The ALJ cited solely to Plaintiff's medical records in making her credibility determination and the R&R summarizes the ALJ's rejection of Plaintiff's testimony based on the lack of support in the record. (*See* Doc. 35 at 16; Doc. 22-3 at 23-24 ("the record does not document any durational work-related limitations") ("no such recommendation is documented in the record") ("record documents no mental health treatment . . .[or] any clinical assessments of any significant mental limitations") ("the undersigned finds no medical foundation")). In fact, the ALJ ultimately cited the lack of medical documentation as the basis for her credibility determination, concluding that

---

[4] The Court will adopt the Magistrate Judge's conclusions that the ALJ erred in discounting Plaintiff's statements on these two bases as neither party objected to the conclusions. *See Thomas,* 474 U.S. at 149 (noting district court not required to conduct any review of an issue not subject to an objection).

- 5 -

"claimant's statements concerning the intensity, persistent and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Doc. 22-3 at 25.) While an ALJ may properly consider "inconsistencies in testimony or between testimony" when weighing credibility, *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008), here, inconsistent statements were not one of the basis on which the ALJ discounted Plaintiff's testimony.[5] The Court will "not affirm the ALJ on a ground upon which [she] did not rely." *Orn*, 495 F.3d at 630; *see Burrell v. Colvin*, 775 F.3d 1133, 1139 (9th Cir. 2014) (declining to rely on Commissioner's purported reason for rejecting testimony because the ALJ "never stated that he rested his credibility determination on those findings").

Having rejected the Magistrate Judge's conclusion that the ALJ found Plaintiff not credible based on her alleged inconsistent statements, the Court will reverse the final decision of the Commissioner. The ALJ's stated reasons for discounting Plaintiff's testimony were legally erroneous and, if the ALJ were to fully credit Plaintiff's testimony as to the severity of her symptoms, the final decision could be different. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (noting that the legal error must not be harmless to warrant reversal). The Court declines to direct the Commissioner to issue benefits to Plaintiff. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100-02 (9th Cir. 2014) (describing the three elements necessary to satisfy the "rare circumstances" that allow the court to depart from the ordinary remand rule). On remand, the Commissioner must take actions consistent with this order.

### III. Conclusion

For the foregoing reasons, **IT IS ORDERED:**

1. The Report and Recommendation (Doc. 35) is **ADOPTED IN PART AND REJECTED IN PART** as set forth in this Order.

2. Plaintiff's Objection to the Report and Recommendation (Doc. 36) is **SUSTAINED**

---

[5] The Court also agrees with Plaintiff that the alleged inconsistencies in her testimony, as identified by the Magistrate Judge, would not provide a legitimate basis for discounting Plaintiff's testimony. (Doc. 36 at 7-8.) It is arguable whether the statements are inconsistent, and, even if they are, if they material to Plaintiff's truthfulness.

**IN PART AND OVERRULED IN PART.**

3. The ALJ's Decision, which became the Commissioner's Final Decision, is **REVERSED**.

4. This case is **REMANDED** to the Social Security Commissioner. On remand, the Appeals Council shall remand this matter to the ALJ. The ALJ shall take any action necessary for resolution of this matter, including conducting any necessary hearings and take any new evidence. After any necessary proceedings, the ALJ shall issue a new decision consistent with this Order.

5. The Clerk of the Court shall enter judgment accordingly, and close its file in this action.

Dated this 31st day of March, 2022.

_____
Honorable Jennifer G. Zipps
United States District Judge