**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Maureen Henry, | No. CV-20-00320-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court are Plaintiff's Motion for Award of Attorney Fees as Authorized by the Equal Access to Justice Act and Plaintiff's Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b). (Docs. 40, 50.) Defendant responded in opposition to the first motion and Plaintiff replied. (Docs. 42, 49.) Defendant does not oppose the motion for fees under § 406(b). (Doc. 52.)

## I.     Background

On March 31, 2022 the Court adopted the Magistrate Judge's Report and Recommendation (Doc. 35), reversed the Commissioner's decision, and remanded the case to the Social Security Administration for further proceedings. (Doc. 38.) The Clerk entered judgment the same day. (Doc. 39.) Plaintiff moved for attorney fees under the Equal Access to Justice Act (EAJA) for 59 hours of work performed from 2020 to 2022.[1] (Doc. 40 at 2; Doc. 41-2.) Plaintiff's request for a 25% contingency fee-based award under 42 U.S.C.

---

[1]  In the Motion for EAJA fees, Plaintiff requested compensation for a total of 53 hours of service. (Doc. 41 at 9.) In her Reply, Plaintiff requested fees for an additional 6 hours incurred in completing the reply. (Doc. 49 at 19.)

§ 406(b) totals $21,558.00. (Doc. 50 at 1.) If awarded fees under both the EAJA and § 406(b), counsel is obligated to refund to Plaintiff the smaller of the two fees. (Doc. 51 at 1 (citing *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991)). Because the contingency fee-based award is usually the larger, Plaintiff argues that "a Plaintiff's attorney in a Social Security disability claim has an ethical duty to petition for the maximum allowable EAJA fee because the claimant will usually be the actual beneficiary of an EAJA award." (Doc. 41 at 2 n.1.)

## II.     EAJA Fee Award

Section 2412(d)(1)(A) of the EAJA provides that a prevailing party in any civil action brought by or against the United States shall be reimbursed for fees and other expenses incurred by that party in the action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). To award attorney's fees under the EAJA, the Court must determine (1) that the claimant was the prevailing party; (2) that the government has not met its burden of showing that its position was "substantially justified" or that special circumstances make an award unjust; and (3) that the requested fees and costs are reasonable. *See Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). A claimant who obtains a court order remanding a Social Security case to the Commissioner for further administrative proceedings or an award of benefits is a prevailing party for purposes of the EAJA. *Shalala v. Shafer*, 409 U.S. 292, 300–01 (1993); *Sampson v. Chater*, 103 F.3d 918, 921 n.2 (9th Cir. 1996).

Here, it is uncontested that Plaintiff is the prevailing party because the Court reversed the Commissioner's decision and remanded for further proceedings. Defendant argues that Plaintiff's motion for EAJA fees should be denied because the Commissioner's position was substantially justified. (Doc. 42 at 3.) Defendant further asserts that Plaintiff's EAJA fee request is unreasonable and should be reduced by 23.8 hours.[2] (*Id.* at 15, 18, 20.)

---

[2]   Defendant asserts the initial EAJA fee request should be reduced by 17.8 hours and argues that the Court should disallow any fees for the 6 hours incurred in drafting the reply. (Doc. 42 at 20.)

## A. Substantial Justification

It is the government's burden to establish that its position was substantially justified. *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014). The relevant inquiry is the government's position on the issues that led to remand. *Id.* at 834 (quoting *Flores v. Shalala*, 49 F.3d 562, 564 (9th Cir. 1955)). The "position of the United States" includes both its litigating position and the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). To establish substantial justification, the government need not show that it was "correct or 'justified to a high degree' . . . but only that its position is one that 'a reasonable person could think it correct.'" *Ibrahim v. DHS*, 912 F.3d 1147, 1167 (9th Cir. 2019) (en banc) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 566 n.2 (1988)). In other words, the government's position was substantially justified if it had a reasonable basis in law and fact. *Id.*

The government's failure to prevail in litigation does not raise a presumption that its position was not substantially justified. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). The Ninth Circuit has explained, however, that a finding that the agency's decision was unsupported by substantial evidence is a "strong indication" that the position of the United States was not substantially justified. *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013) (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005)). If the government's underlying position was not substantially justified, the court must award reasonable fees and need not address the government's position in litigation. *Tobeler*, 749 F.3d at 832.

Defendant argues that Plaintiff's motion for EAJA fees should be denied because the Commissioner's position was substantially justified. (Doc. 42 at 3.) Defendant asserts that a genuine dispute existed as to whether substantial evidence supported the ALJ's unfavorable decision. (*Id.*) Defendant argues that reasonable minds could disagree whether the ALJ provided sufficient reasons to discount Plaintiff's subjective statements and asserts that "both this Court and the Magistrate Judge found that substantial evidence supported the ALJ's assessment of the opinion evidence." (Doc. 42 at 3, 8.)

Here, the Court remanded because the ALJ's rejected Plaintiff's testimony in the absence of specific, clear, and convincing reasons supported by substantial evidence in the record. (Doc. 38 at 4.) The Court found that the ALJ erred in discounting Plaintiff's testimony as not "entirely consistent with the medical evidence" because a claimant is not required to produce objective medical evidence of symptom severity, and an ALJ may not discredit testimony as unsupported by medical evidence. (*Id.* at 5 (citing *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996); *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009).) The Court explained that the ALJ's credibility determination cited only to a lack of medical documentation, not any alleged inconsistencies in Plaintiff's testimony, and was thus not supported by substantial evidence because it held Plaintiff "to a much higher standard than what is required." (*Id.*)

Additionally, while Defendant asserts that the Court found that substantial evidence supported the ALJ's assessment of Dr. Cubillo's opinion evidence, both the Magistrate Judge and this Court concluded that the first four opinions offered by Dr. Cubillo were supported by the record and that the ALJ erred in rejecting these opinions. (Doc. 38 at 3 n.3.) The Court instructed that, on remand, "the ALJ must accept these four opinions." (*Id.* (noting that neither party objected to this conclusion in the Report and Recommendation.)) Defendant is correct that the Court found no error in the ALJ's rejection of two unsupported check-box opinions (*see id.* at 3), however it is the Court's findings on the issues that led to remand that are relevant to the determination of substantial justification.

In sum, the underlying agency action here lacked a reasonable basis in law and fact because the ALJ disregarded Plaintiff's symptom testimony and Dr. Cubillo's first four opinions for legally erroneous reasons. Thus, the position of the United States was not substantially justified, the Court need not address the government's position in litigation.

**B.  Reasonableness of Award**

Having determined that Defendant has not met its burden in demonstrating that the position of the United States was substantially justified, Plaintiff is entitled to EAJA fees. The Court may award EAJA fees for attorney hours reasonably expended by plaintiff's

counsel. 28 U.S.C. § 2412(d)(2)(A). The lodestar method to determine a reasonable fee multiplies the number of hours reasonably expended on the case by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983); *see Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (applying *Hensley* principles to EAJA fee awards). The party seeking an award of fees bears the burden to "submit evidence supporting the hours worked and rates claimed," such as an itemization of services. *Hensley*, 461 U.S. at 433; *see Davis v. Comm'r of Soc. Sec. Admin.*, No. CV-20-01507-PHX-DWL, 2022 WL 2529057, at *2 (D. Ariz. July 7, 2022) (citing *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000)) ("Although it is a plaintiff's burden to demonstrate that the hours spent were reasonable, a plaintiff can do this by affirmatively submitting an itemization of services and then defending against whatever challenges a defendant mounts in its opposition."). Courts should "generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Costa*, 690 F.3d at 1136 (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)). Nevertheless, a court may exclude hours that are excessive, redundant, or otherwise unnecessary so long as it provides "a specific articulation of its reasons for reducing the award." *Id.* at 1135.

Plaintiff's counsel has provided an itemization of services documenting 10.2 hours worked on this matter in 2020, 40.3 hours worked in 2021, and 8.5 hours in 2022. (Doc. 41-2.) Counsel's requested fee award, at the maximum EAJA hourly rate, adjusted for cost of living, totals $12,853.88.[3] Plaintiff maintains that the fee request is reasonable,

---

[3]  Attorneys' fees pursuant to the EAJA "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); *see Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005) (explaining cost of living increase calculation). The Ninth Circuit calculates and publishes the statutory maximum hourly EAJA fee rate each year. *See* "Statutory Maximum Rates Under the Equal Access to Justice Act," https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Jan. 6, 2023). The EAJA fee rate for work performed in 2020 is $207.78. The rate for 2021 is $217.54, and the rate for the first half of 2022 is $231.49. The Court has recalculated Plaintiff's fee request to reflect the published EAJA rates. (*See* Doc. 49 at 19 (incorrect calculation).)

$12,853.88 = (10.2 *x* $207.78) + (40.3 *x* $217.54) + (8.5 *x* $231.49)

- 5 -

explaining that it is "above average because Henry was effectively forced to litigate this case twice, first in the opening brief and reply brief and second in objecting to the report and recommendation." (Doc. 41 at 9.) Plaintiff cites to more than a dozen similar EAJA fee awards resulting from counsel's prior disability appeals. (*Id.* at 10 (citing range of awards between $11,196.71 and $15,140.16).)

Defendant does not oppose Plaintiff's requested hourly rate but argues the amount of time spent as unreasonable because "counsel's regular practice constitutes professional overkill." (Doc. 42 at 3.) Defendant objects that time spent on the complaint was excessive and duplicated effort spent on the brief, time spent editing the brief was excessive because counsel's "business practice creates inefficiencies" by working with other attorneys, and time spent on clerical tasks is not compensable. (*Id.* at 10, 14–18.) Defendant also opposes any fees for time spent drafting a reply, because counsel declined to negotiate and "allowing EAJA fees for the reply only incentivizes intransigence." (*Id.* at 20.) Defendant requests that the Court reduce the fee award by $5,164.53[4] for excessive time and non-compensable clerical hours. (*Id.* at 22 n. 13.)

Plaintiff argues that Defendant has advocated for the reduction of EAJA fees by round numbers, unrelated to specific tasks, and "without linking the proposed reductions to any particular services thought to be unwarranted." Plaintiff asserts that Defendant's suggestion to reduce the amount by unsupported round numbers does not provide the "specific and reasonably precise" proof required to exclude hours from a fee request. (Doc. 49 at 8 (citing *Alvey v. Commr. Soc. Sec. Admin.*, No. CV-20-08105-PHX-SPL, 2022 WL 375848, at *6 (D. Ariz. Feb. 8, 2022)).) Further, Plaintiff argues that "it is incongruous for counsel for a losing party to assume the role of advisor to a court as to the amount of time

---

[4]   Defendant requests a reduction of 9.1 2020 hours for excessive time drafting the complaint, 7.0 2021 hours for excessive review of the brief, 0.8 2020 hours plus 0.9 2021 hours incurred for non-compensable clerical time, and 6.0 2022 hours incurred in drafting the reply. The Court has recalculated Defendant's requested reduction to reflect the published EAJA rates and include the hours associated with the reply. (*See* Doc. 42 at 18 n.11, 20 n.20 (incorrect 2021 EAJA rate).)

$5,164.53 = (9.1 *x* $207.78) + (7.0 *x* $217.54) + (0.8 *x* $207.78) + (0.9 *x* $217.54) + (6.0 *x* $231.49)

1    that was reasonably expended by opposing counsel to obtain a favorable result." (*Id.*)

2              The Court will address each of Defendant's proposed reductions in turn.

3                              **i.    Complaint Stage**

4              At the complaint stage, Plaintiff's billing documentation states that, between two

5    attorneys, counsel spent 3 hours reviewing the administrative record and drafting a

6    memorandum, and 6 hours preparing the complaint. (Doc. 41-2 at 2.)

7              Defendant argues that, because the minimum standard for filing a disability appeal

8    is a mere notice complaint, time spent writing a substantive complaint is excessive and

9    inefficient. (Doc. 42 at 12.) Defendant criticizes counsel's "deep dives into the record" and

10   characterizes reviewing the case documents as "background tasks." (*Id.* at 12.) Defendant

11   requests that the Court reduce the fee request by 9.1 hours, nearly all of the time expended

12   at the complaint stage. (*Id.* at 15.)

13             Defendant's arguments are unpersuasive in light of Plaintiff's success in this case,

14   which very well may have resulted, at least in part, from the robust record review and

15   substantive complaint. (*See* Doc. 49 at 11 n.7 (explaining the law of primacy and the

16   persuasive benefits of presenting substantive arguments to a court at the earliest

17   opportunity).) The Court further finds that counsel's 3 hours of research into an extensive

18   record is reasonable in light of the ethical obligation to determine a case is meritorious

19   before filing, as required by Federal Rule of Civil Procedure 11. (*See* Doc. 49 at 10 (noting

20   initial agency exhibit file was 1,066 pages long).)

21             Nor were the 6 hours spent drafting the 17-page complaint excessive. Defendant's

22   objections to the hours spent at the complaint stage focus on the alleged inefficiency of two

23   attorneys working together—without considering the effort required to achieve a favorable

24   result. After all, "Henry's case could have been more efficiently lost, as well." (*Id.* at 12.)

25   The Ninth Circuit has explained that "one certainly expects *some* degree of duplication as

26   an inherent part of the process. There is no reason why the lawyer should perform this

27   necessary work for free." *Moreno*, 534 F.3d at 1112. Absent any demonstration that the

28   hours worked were redundant or unnecessary, the Court will defer to prevailing counsel's

professional judgment that preparing a substantive complaint is an effective strategy in a disability appeal. *See Garcia v. Comm'r of Soc. Sec. Admin.*, No. CV 18-504-TUC-LAB, 2019 WL 4673335, at *2 (D. Ariz. Sept. 25, 2019) (same counsel's practice of filing longer and more detailed Social Security complaints not inefficient or redundant). The Court declines to reduce the fee request by the proposed 9.1 hours.

### ii. Opening Brief

At the briefing stage, the two attorneys working on this case documented 9.1 hours reviewing and summarizing the record, 11 hours drafting, and 5.5 hours editing the opening brief. (Doc. 41-2 at 3–6.) Defendant alleges that the hours already incurred at the complaint stage did not result in any "downstream efficiencies" because the brief still took significant time to compose, rendering those hours "redundant." (Doc. 42 at 12–13.) Defendant argues that this amount of time is unreasonable because there were "no novel issues" and "large swaths of the brief are boilerplate." (*Id.* at 14, 17.) Defendant also objects that "Mr. Caldwell seems to be duplicating much of Ms. Fern's work," because he conducted his own review of the record and edited the draft she prepared. (*Id.* at 16.) Defendant suggests that "Mr. Caldwell's request for 11.1 hours associated with revising the opening brief should be reduced to 4.1 hours, a 7.0 hour reduction." (*Id.* at 18.) This is puzzling in light of Plaintiff's itemization of services, which does not show that Mr. Caldwell spent 11.1 hours revising the opening brief.[5] Defendant does not elaborate on how 7 hours was determined to be an appropriate reduction, only that it is "based on the duplication of work." (*Id.*)

Plaintiff responds that this Court "has repeatedly rejected the Commissioner's argument about the duplication of services." (Doc. 49 at 14; *Davis*, 2022 WL 2529057, at *3 (collecting cases).) Neither the collaboration between two attorneys, nor the work of maintaining familiarity with the record over several months of litigation constitutes

---

[5]  To reach the sum of 11.1 hours, Defendant appears to have added together all of Mr. Caldwell's entries between March 15, 2021 and April 15, 2021. (*See* Doc. 41-2 at 3–4.) These entries document time spent on correspondence and reviewing the ALJ's decision, the hearing transcript, prior memoranda, medical records, and administrative record, in addition to the time spent revising. In fact, Mr. Caldwell spent only 4 hours editing the opening brief, documented by two entries on April 14, 2021. (*Id.* at 4.)

1  unnecessary or excessive duplication of services. *Moreno*, 534 F.3d at 1112 ("All this is
2  duplication, of course, but it's *necessary* duplication; it is inherent in the process of
3  litigating over time.") The Ninth Circuit has also rejected the notion that a disability appeal
4  should be considered routine and subject to a cap on hours simply because it involves issues
5  that are not novel. *Costa*, 690 F.3d at 1136. Finally, the use of boilerplate language is not
6  a sufficient reason to reduce the fee award. As noted by Plaintiff, "to the contrary, use of
7  boilerplate language to address common issues *saves* time and *reduces* the amount of
8  requested fees." (Doc. 49 at 16.) Here, both the complaint and opening brief are largely
9  composed of case-specific facts and analysis. Thus, the Court declines to reduce the fee
10 request by the proposed 7 hours.

### iii.    Clerical Tasks

12     Defendant objects that counsel's time entries "for clerical work such as reviewing
13 the docket, reviewing Plaintiff's filed documents, and emailing regarding upcoming
14 deadlines, are not compensable under EAJA." (Doc. 42 at 19.) Defendant asserts that the
15 fee request should be reduced by 1.7 hours to exclude clerical time. (*Id.*)

16     Defendant is correct that time billed for clerical tasks should not be included in an
17 EAJA award, because such tasks should be subsumed into firm overhead. *Nadarajah v.*
18 *Holder*, 569 F.3d 906, 921 (9th Cir. 2009). Clerical tasks include administrative work such
19 as filing documents, transcript requests, document organization, and preparing and serving
20 summons. *Id.*; *Neil v. Comm'r of Soc. Sec.*, 495 Fed. App'x. 845, 847 (9th Cir. 2012).
21 However, the entries that Defendant points to are not clerical tasks. "[R]eviewing Court
22 orders—even very short ones—is not an administrative task" because counsel has a
23 responsibility to pay attention to their client's case. *Davis*, 2022 WL 2529057, at *3.
24 Examining filed documents for potential revisions—especially when that review only
25 requires .2 hours[6]—is reasonable substantive work because this Court allows for the
26 correction of errors. *See Reed v. Comm'r of Soc. Sec. Admin.*, No. CV-17-04752-PHX-
27 SMB, 2021 WL 2939823, at *5 (D. Ariz. July 13, 2021).

28 ─────────
[6] Defendant objects to the October 11, 2021 entry which states: "Email from Mr. Mitchell, reviewed filed objections memo, no errors significant enough to justify refiling. MRC 0.2."

1    Communications such as emails and conferences may be considered clerical tasks
2  when the discussion is about deadlines, filings, and other non-substantive administrative
3  work. Communications between counsel are not clerical in nature when the discussion is
4  substantive. Defendant challenges six entries relating to communications in Plaintiff's
5  itemization of services. (Doc. 42 at 19.) Two of the challenged entries involved discussions
6  about substantive edits and review for errors and are thus not clerical.[7] The Court finds that
7  the other four challenged entries involved only administrative discussions and should be
8  considered clerical tasks.[8] Accordingly, the Court will reduce the requested fee award by
9  .8 hours, or $167.20.[9]

10              **iv.    Reply**

11    Plaintiff's counsel incurred 6 hours writing the reply, because "considerable time
12  was required to review the opposition memorandum, the EAJA motion supporting
13  memorandum, and engage in legal research to find cases to support EAJA awards. . . In
14  addition, extra time was devoted to studying the *Hensley* and *Moreno* cases as applied to
15  this case." (Doc. 49 at 19.) Defendant asserts that "if this Court agrees with the
16  Commissioner's arguments in this Opposition, the Court should disallow fees for time
17  spent on any reply brief." (Doc. 42 at 20 (citing *INS v. Jean*, 496 U.S. 160, 163 n.10
18  (1990)).) While the Court has determined to reduce the fee award by .8 hours associated
19  with clerical tasks, the Court has declined to impose the bulk of Defendant's initial
20  17.8-hour reduction request. Plaintiff's arguments in her Reply were helpful to the Court's
21  analysis. Plaintiff has not failed to prevail in this litigation over fees and is entitled to
22  reasonable compensation for counsel's time spent on the reply.

---

[7] These entries are: (1) "6/17/21 Email from Mr. Mitchell re edits, final brief draft. MRC 0.5" and (2) "10/11/21 Email from Mr. Mitchell, reviewed filed objections memo, no errors significant enough to justify refiling. MRC 0.2."

[8] These entries are: (1) "7/29/20 Email to final draft of complaint and filed complaint. MRC 0.5;" (2) "8/13/20 Email from Mr. Mitchell re attorney appearance. . . MRC 0.1;" (3) "8/18/20 Email from Mr. Mitchell re judge assignment and referral to magistrate judge. . . MRC 0.1;" and (4) "3/15/21 Conference with Mr. Mitchell re opening brief deadline. MRC 0.1." (Doc. 41-2 at 2.)

[9] $167.20 = (0.5 x $207.78) + (0.1 x $207.78) + (0.1 x $207.78) + (0.1 x $217.54)

Finally, in response to Defendant's assertion that counsel's refusal to negotiate the EAJA fee is "intransigence," Plaintiff writes that "a fight over EAJA fees is usually not a fight about what the attorney receives, but a fight about how much a disabled claimant will have to pay from wrongfully denied past-due benefits." (Doc. 49 at 2 n.2.) Here, Plaintiff's requested contingency fee-based award, representing 25% of Plaintiff's withheld past due benefits, is larger than the requested EAJA fee award. Counsel will be obligated to refund to Plaintiff the smaller of the two awards, effectively reducing the amount that was withheld from Plaintiff's past due benefits. Absent any indication that the hours incurred were unnecessary, the Court will decline to withhold EAJA fees on the basis of counsel's refusal to negotiate because doing so may have been in the client's best interest.

### C. Section 406(b) Fee Award

Plaintiff requests a 25% contingency fee-based award under 42 U.S.C. § 406(b) totaling $21,558.00. (Doc. 50 at 1.) This is the amount that was withheld from Plaintiff's past due benefits. (Docs. 51 at 1; 52-1.) Defendant "was not a party to the contingent-fee agreement between Counsel and Plaintiff and therefore is not in a position to either assent or object" to the request. (Doc. 52 at 2.)

Under 42 U.S.C. § 406(b)(1)(A), "[w]henever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits. . ." The Ninth Circuit has held that, in reviewing the reasonableness of fees requested under § 406(b), a district court should not merely make a lodestar calculation but should rather credit and consider whether the contingency fee agreement is reasonable. *Crawford v. Astrue*, 586 F.3d 1142, 1149–50 (9th Cir. 2009) (en banc). District Courts "may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.* at 1151 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)).

Here, Plaintiff and counsel executed a 25% contingency fee agreement on June 16, 2020. (Doc. 51-2 at 2–3.) There is no indication of substandard performance or delay, and

Plaintiff's awarded benefits are in proportion to the time spent on the case. Thus, the Court finds that the requested § 406(b) award is reasonable and will credit the contingency fee agreement.

### III.     Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Award of Attorney Fees as Authorized by the Equal Access to Justice Act (Doc. 40) is **GRANTED**. Plaintiff is awarded attorney fees under the Equal Access to Justice Act in the amount of $12,686.68.[10] Pursuant to the assignment of fees in Plaintiff's fee agreement, the government shall pay the fee award payable to Plaintiff, care of counsel's office, dependent upon verification that Plaintiff has no debt which qualifies for offset against the awarded fees, pursuant to the Treasury Offset Program as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If Plaintiff has such a debt, then the check for any remaining funds after offset of the debt shall be made payable to Plaintiff, care of counsel's office.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 50) is **GRANTED**. Plaintiff's counsel is awarded attorney fees in the amount of $21,558.00.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall, after receipt of the above-awarded fee, refund to Plaintiff the lesser of the fee awarded under 42 U.S.C. § 406(b) and the fee awarded under the Equal Access to Justice Act.

Dated this 31st day of January, 2023.

Honorable Jennifer G. Zipps
United States District Judge

---

[10]  $12,686.68 = $12,853.88 - $167.20

- 12 -